# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAG. NO. 23-mj-1137 |
| JEREMY SCHOBEL | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by and through Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Michelle Rotella, Assistant United States Attorney for the District, hereby moves this Honorable Court to detain the defendant prior to trial because there are no conditions or combination of conditions that can reasonably assure the safety of the community or mitigate the risk of flight.

The defendant stands charged with the sexual exploitation and manufacture of pornographic images of a teenaged minor girl – but the evidence has revealed his criminal communications with *hundreds* of minor girls in thousands of pages of conversations, and the number continues to grow as the investigation progresses. On just the charges lodged in the complaint the defendant faces certain and significant incarceration: a statutory maximum of life imprisonment and a mandatory minimum of 15 years' imprisonment, along with numerous other monetary and reporting penalties upon conviction. He also faces a presumption that he must be detained pending trial. For all of these reasons, and the reasons outlined below, the defendant is unable to rebut the statutory presumption that no combination of conditions will assure his appearance for trial or the safety of the community, and he should be detained pending trial in this matter.

1

A.  **FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

1.  **Probable Cause and the Evidence in this Case**

There is probable cause to believe, based on the complaint and warrant issued by the Magistrate Court on June 7, 2023, that the defendant enticed a minor using a facility and means of interstate commerce, in violation of 18 U.S.C. § 2422(b), and manufactured and attempted to manufacture child pornography, in violation of 18 U.S.C. § 2251. As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community or the defendant's appearance in court.

The evidence in this case is strong. The case arose in November of 2022, when Yubo reported to the National Center for Missing and Exploited Children (NCMEC) that one of its users - "sophiavan423" - was engaged in what they believed was "online grooming" of minor children. Yubo provided account information for the "sophivan423" account, including that the user identified herself to be a 17-year-old girl and posted two photographs to her profile that depicted what appeared to be girl of that age as well as a text that reported her to be a teenaged girl. Yubo reported this account to NCMEC stating in the CyberTip that "This report is for online grooming. This Adult age male registered in the app as 17 years old female. This person was pretending to be a female, looking for a girl-to-girl relationship, and redirecting the conversation to Snapchat." Significantly, Yubo also provided "soft proof" of the identity of the "sophiavan423" account holder within the CyberTipline report.[1]

---

[1] Yubo's "soft proof" process requires that users verify their age and identity when signing up for an account. The verification system requires the user to take a real time photograph of him/herself within the Yubo app.

Within the same CyberTip, Yubo also reported that a second account – "jillmoreno131" - was also linked to defendant Jeremy Schobel and was being used to groom minor girls online as well. This account was linked, in part, because the same cell phone number was used to create both accounts, which records from Consumer Cellular later identified was registered to Robert (Jeremy) Schobel in Waverly, Pennsylvania. Significantly, the "soft proof" photograph provided when the "jillmoreno131" account was created also depicted defendant Jeremy Schobel.

IP addresses provided by Yubo were were found to be registered to Verizon, and an administrative subpoena issued to Verizon identified the subscriber as defendant Jeremy Schobel, with an address in Philadelphia (known to your Affiant but withheld from this public document), and a phone number of 570-280-6196 (the same phone number used by "sophiavan423" to register the Yubo account). IP records for both accounts, using the phone registered to Schobel, also resolved to Harriton High School on North Ithan Avenue, Bryn Mawr, PA 19010, where Jeremy Schobel is employed as an English teacher.

The investigation revealed that in addition to the Yubo accounts, there were Snapchat accounts in the same usernames that were connected to Schobel as well. A federal search warrant issued for the content of these Snapchat accounts revealed hundreds of purported minor victims, thousands of pages of chats, and thousands of pornographic images and videos distributed and received by Schobel. One such conversation (charged in the complaint) took place beginning on Christmas Eve 2022 and extended through March 29, 2023 between the defendant, using the account "jillmoreno131," and another user identified as "idontcare_901." Three days into their

---

Yubo uses various technologies to ensure the validity of this process and to detect attempts to defeat the age/identity verification system, such as providing a screenshot of a photo instead of a real time photo. Here, though the "sophiavan423" user identified "herself" as a 17-year-old girl, the "soft proof" real time photo provided when the account was created was of the defendant, Jeremy Schobel.

chat, on December 27, 2022, they engaged in the following chat:

>jillmoreno131: Sent a close-up image of cleavage with the text "gm😊"
>jillmoreno131: can I see u :)
>
>idontcare_901: Sent three images, one of which depicted a close-up of girl wearing red-colored lingerie, with long, lightblue-colored fingernails.
>
>jillmoreno131: Damn ok ma….That lingerie.
>jillmoreno131: Can I see ur face :)
>
>idontcare_901: yeah hold on [seven images sent]
>
>jillmoreno131: Ur fineee…..How old are u
>
>idontcare_901: n im 15
>idontcare_901: 16**
>
>jillmoreno131: Can I see ur [cat emoji].
>
>idontcare_901: [Video sent that depicts a girl in a bedroom who exposes her breasts and vagina and then masturbates]
>
>jillmoreno131: Omg so pretty
>jillmoreno131: [sent video which depicted a close-up of a vagina being masturbated]
>jillmoreno131: u got any like that
>
>idontcare_901: [sent similar video depicting a close of a vagina being masturbated. Parts of the same clothing worn by the girl in images sent above could be seen in this video.]
>
>jillmoreno131: Omg…..So so hot

On December 28, 2022, they continued their conversation:

>jillmoreno131: I'm tryna see more of u pretty girl
>
>idontcare_901: [sent a video which depicted a half-naked girl wearing an bra, with long fingernails similar to that described above, laying on a bed in front of a mirror with her legs spread apart, exposing her vagina. The female is holding a cellphone recording herself, and

4

|                  | then began masturbating.] |
|---|---|
| jillmoreno131:   | Omfg….I love u….Literally |
| jillmoreno131:   | I wanna watch u bend over |
| idontcare_901:   | [sent a video which depicted a half-naked girl with the same bra and long fingernails as described above, kneeling on top of a bed. The girl then bent over in front of the camera, exposing her anus and vagina, then began masturbating.] |

On June 7, 2023, members of FBI Philadelphia Division's Child Exploitation Task Force executed search warrant 23-1073-M at the residence belonging to Jeremy Schobel. Defendant Schobel was home at the time of the execution of the search warrant and declined to speak with agents. He was transported to the Philadelphia Police Department (PPD) as the search of his home and the investigation progressed, and while at the Police Department advised that he wished to speak to FBI agents. Prior to the interview by FBI agents at PPD, the defendant was advised verbally and in writing of his Miranda rights, which he acknowledged that he understood and wished to waive and speak with agents. In summary, Schobel admitted to creating both fake profiles (jillmoreno131 and sophiavan423), and to posing as an underage girl so that he could communicate with minor teenaged girls. He admitted he did so to obtain sexually explicit images, which he then used to masturbate. He advised agents that he had committed these crimes for years, and communicated with many underaged girls, which he identified as between the ages of 16 and 18 years.

Though defendant Schobel denied having communicated with any of his students, a number of students have come forward since Schobel's arrest to report having connected with the fake accounts "sophiavan423" and "jillmoreno131." The FBI confirmed pornographic images were sent to the defendant by at least one minor student, and Schobel responded as

5

"jillmoreno131," distributing pornographic images of "herself" (a minor teenaged girl) to the student. The identification of other victims, including additional Harriton High School students, is continuing.

Lastly, after the defendant's arrest last week, additional electronic devices were discovered that had been secreted by Schobel. The search of those devices and the devices confiscated as part of the search warrant execution are pending.

2. **Maximum Penalties**

For the charges of enticement of a minor, in violation of 18 U.S.C. § 2422(b) and manufacturing and attempting to manufacture child pornography, in violation of 18 U.S.C. § 2251, the defendant faces a statutory maximum penalty of life imprisonment with a mandatory minimum term of 15 years, a minimum 5 years up to a lifetime of supervised release, a $500,000 fine, mandatory restitution of at least $3,000 to his child victim, a $200 special assessment, and if found to be non-indigent, an additional, mandatory $10,000 in special assessments must be imposed pursuant to 18 U.S.C. § 3014, along with up to $50,000 in additional assessments under 18 U.S.C. § 2259A. The defendant will also have to register as a sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"). Significantly, the calculation of his sentencing Guideline range shows that for just these two charges involving only one victim, Schobel faces 235 to 293 months' incarceration, and if charges involving additional victims are lodged his Guideline range would be calculated at life imprisonment.

In short, a lengthy federal prison sentence is a certainty for this defendant upon conviction.

B.  **LEGAL ARGUMENT**

Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption in favor of detention for individuals who, like this defendant, are charged with violating 18 U.S.C. §§ 2422(b) or 2251. This presumption is based in part on the Congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes." *Comments of Chairman Lemar Smith*, H.R. Rep. 5422; *See also United States v. Farris*, 2008 WL 1944131 (W.D. Pa. 2008).

The dangers surrounding these types of offenses are widely recognized. *See McKune v. Lile*, 536 U.S. 24, 33 (2002) (emphasizing Department of Justice and Federal Bureau of Investigation statistics reflecting substantially increased likelihood of repeat arrests for sex offenders); *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir.2008) (discussing influence of sexual offender recidivism in passage of various provisions in the PROTECT Act); *Report of Chairman Sensenbrenner*, H.R. Rep. 107-527, on amendment of 18 U.S.C. § 3583 (expressing congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes" and referencing studies and findings documenting (1) a significantly higher rate of recidivism among sexual predators, (2) the number of undetected offenses which such individuals actually commit and (3) the psychological impact such offenses have on the victims); *Doe v. Bredesen*, 507 F.3d 998, 1006 (6th Cir.2007) (noting the legislative findings in numerous states passing sex offender registration systems reflecting the "undisputed high risk of recidivism" by such sex offenders). A defendant may rebut the presumption of pretrial detention by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986).

7

Here, the defendant poses a clear danger to children in the community, and there is no condition or combination of conditions that could assure the safety of the community if he is released. There is simply no way to effectively monitor this defendant's access to children in general, and certainly not his online access to children and other sex offenders, for the following reasons:

(1) Access to the internet is possible through desktop and laptop computers, cell phones, iPods, iPads, and even gaming devices. There is no way to prevent the defendant from purchasing or using an Internet accessible device without the knowledge of Pretrial Services.

(2) Storage devices can range in size, down to the size of a postage stamp, making it impossible for a Pretrial Services officer to locate. There is no way to prevent the defendant from obtaining any storage medium, and no amount of supervision that would detect it in his home or elsewhere.

(3) There is no way to monitor whether the defendant will access the Internet – and child pornography – using a public library's computers, using family members' or friends' electronic equipment, or Internet access at any other location, given that there is free WiFi access from any number of public places.

(4) Even if this Court were to order that computer monitoring software be installed on the defendant's home computer(s), there would be no way to detect if he were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether. The defendant's activities would be completely undetected, and the Pretrial Services officer – and this Court – would instead be issued a report that the defendant is in "compliance."

Indeed, it is difficult to conceive of any supervision that would detect the defendant's criminal activities. Pre-Trial Services is limited to inspection of items that are in plain view of the officers. Nor is Pretrial Services permitted to seize electronic evidence. "The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion." *United States v. Schenberger*, 498 F.Supp.2d 738, 745 (D. N.J. 2007) ("This Court is not persuaded that meaningful assurances can be given

that defendant's access to the internet can be stopped. Even if the defendant could somehow be prohibited from viewing, or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities."); *see also United States v. Voelker*, 489 F.3d 139, 145 (3d Cir.2007) (finding detention appropriate for a defendant charged with distributing and receiving child pornography, based on the dangers associated with child pornography offenses and the difficulty to effectively monitor understanding the accessibility of the Internet).

As noted above, a lengthy prison term is a certainty for this defendant if convicted of these crimes– he faces a mandatory minimum of 15 years' imprisonment, and a statutory maximum of life. The charges in this complaint are just the beginning – agents have already confirmed hundreds of potential victims, some of whom were his students at the high school where he taught. The scope of how many children the defendant victimized continues to widen as the investigation progresses. Schobel was adept at concealing his true identity, making it frighteningly easy to engage with his teenaged victims and manipulate them into engaging in sexually explicit conduct for his deviant pleasure. His predatory tactics demonstrate the true danger he poses to every child and the need to incarcerate him pending trial.

In addition, the anticipation of this severe sentence gives the defendant every incentive to flee, knowing that he will spend decades in prison if convicted, and makes him even more of a danger to children in the community, knowing that his release on bail may be the last time he is free in many years.

C.  **CONCLUSION**

For all of these reasons, the defendant cannot rebut the presumption under 18 U.S.C. § 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure his presence for trial or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s/ Michelle Rotella*
MICHELLE ROTELLA
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. : MAG. NO. 23-mj-1137

JEREMY SCHOBEL :

## PRETRIAL DETENTION ORDER

AND NOW, this _____ day of June, 2023, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

(a) There is probable cause to believe, based on the complaint and warrant issued by the federal Magistrate Court that the defendant enticed a minor to engage in sexually explicit conduct in violation of 18 U.S.C. § 2422(b) and manufactured and attempted to manufacture child pornography, in violation of 18 U.S.C. § 2251. As a result, there is a rebuttable

1

presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community and the defendant's appearance in court.

(b) The evidence in this case is strong. The case arose in November of 2022, when Yubo reported to the National Center for Missing and Exploited Children (NCMEC) that one of its users - "sophiavan423" - was engaged in what they believed was "online grooming" of minor children. Yubo provided account information for the "sophivan423" account including that the user identified herself to be a 17-year-old girl and posted two photographs to her profile that depicted what appeared to be girl of that age as well as text that reported her to be a teenaged girl. Yubo reported this account to NCMEC stating in the CyberTip that "This report is for online grooming. This Adult age male registered in the app as 17 years old female. This person was pretending to be a female, looking for a girl-to-girl relationship, and redirecting the conversation to Snapchat." Significantly, Yubo also provided "soft proof" of the identity of the "sophiavan423" account holder within the CyberTipline report. [2]

Within the same CyberTip Yubo also reported that a second account – "jillmoreno131" - was also linked to defendant Jeremy Schobel and was being used to groom minor girls online as well. This account was linked, in part, because the same cell phone number was used to create both accounts, which records from Consumer Cellular later identified was registered to Robert (Jeremy) Schobel in Waverly, Pennsylvania. Significantly, the "soft proof" photograph provided when the "jillmoreno131" account was created also depicted defendant Jeremy Schobel.

---

[2] Yubo's "soft proof" process requires that users verify their age and identity when signing up for an account. The verification system requires the user to take a real time photograph of him/herself within the Yubo app. Yubo uses various technologies to ensure the validity of this process and to detect attempts to defeat the age/identity verification system, such as providing a screenshot of a photo instead of a real time photo. Here, though the "sophiavan423" user identified "herself" as a 17-year-old girl, the "soft proof" real time photo provided when the account was created was of the defendant, Jeremy Schobel.

IP addresses provided by Yubo were were found to be registered to Verizon, and an administrative subpoena issued to Verizon identified the subscriber as defendant Jeremy Schobel, with an address in Philadelphia (known to your Affiant but withheld from this public document), and a phone number of 570-280-6196 (the same phone number used by "sophiavan423" to register the Yubo account). IP records for both accounts, using the phone registered to Schobel, also resolved to Harriton High School on North Ithan Avenue, Bryn Mawr, PA 19010, where Jeremy Schobel is employed as an English teacher.

The investigation revealed that in addition to the Yubo accounts, there were Snapchat accounts in the same usernames that were connected to Schobel as well. A federal search warrant issued for the content of these Snapchat accounts revealed hundreds of purported minor victims, thousands of pages of chats, and thousands of pornographic images and videos distributed and received by Schobel. One such conversation (charged in the complaint) took place beginning on Christmas Eve 2022 and extended through March 29, 2023 between the defendant, using the account "jillmoreno131," and another user identified as "idontcare_901." During their chat the texts revealed that the "jillmoreno131" account requested and received pornographic images from the minor child, some of which were manufactured at the direction of the defendant. After his arrest, other minors have come forward to report that they were in communication with the defendant's fake accounts. At least one of those minors sent pornographic images to the defendant, and he sent pornographic images to her as well. Additional devices were found that had been secreted by the defendant. Forensic results of all of the devices are pending.

(c) If convicted of two counts charged in the complaint the defendant faces a maximum penalty of life imprisonment with a mandatory minimum term of 15 years, and a minimum 5 years up to a lifetime of supervised release. This significant and certain term of

imprisonment provides ample incentive to flee and also increases the danger he poses to any child in the community.

(d) The nature of the defendant's crimes, and the difficulty in effectively monitoring child sex offenders whose crimes include use of the Internet, also increases his danger to any child in the community.

(e) The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum term of imprisonment of 15 years and a maximum of life, with Guidelines of at least the next two decades in prison, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE PAMELA CARLOS
United States Magistrate Court Judge

# **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by e-filing and email on the following defense counsel:

Joseph D'Andrea, Esquire
joe@joedandrea.com


*/s/ Michelle Rotella*
MICHELLE ROTELLA
Assistant United States Attorney

Date: June 12, 2023.